IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD H. EWELL,                                    No. 4:22-CV-01231

            Plaintiff,                              (Chief Judge Brann)

    v.

WELLPATH MEDICAL GROUP, *et al.*,

            Defendants.

## MEMORANDUM OPINION

### DECEMBER 8, 2022

Plaintiff Richard H. Ewell is currently in pretrial detention in Lackawanna County Prison (LCP). Ewell filed the instant *pro se* Section 1983[1] action concerning alleged deficient medical care he received at the prison, asserting constitutional violations against a medical provider and two LCP officials. Ewell fails to state a claim for relief against any Defendant, so the Court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

## I.      STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]   *Id.* § 1915A(b)(1).

[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Ewell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Ewell, is incarcerated.[14]

## II.   DISCUSSION

Ewell asserts that he has a host of preexisting medical conditions including COPD, asthma, hypertension, and titanium rods inserted in his neck following

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

surgery.[15]  He alleges that he arrived at LCP in September 2021 and has been

"putting in sick call slips for some time now" and that "all the nurse[s] do" is take

his blood pressure.[16]

He avers that, in May 2022, he woke up and could not move the right side of

his body and is unsure whether he suffered a stroke.[17]  He recalls that on July 22,

2022, he saw a physician's assistant, who examined his right side and told Ewell

that he is going to order X-rays of his back, neck, hand, and shoulder.[18]  Ewell

claims that he also requested an EKG and an MRI.[19]  He states that he wants "to

see a doctor, not a nurse or physician['s] assistan[t]."[20]

Ewell appears to be raising a Section 1983 claim under the Fourteenth

Amendment[21] for deliberate indifference to serious medical needs.  Ewell names

the following defendants in his lawsuit: Wellpath "Medical Group" (Wellpath),[22]

Warden Timothy M. Betti, and physician's assistant Anthony Inauzzi.[23]  However,

---

[15]  Doc. 1 at 4.

[16]  *Id.*

[17]  *Id.*

[18]  *Id.*

[19]  *Id.*

[20]  *Id.*

[21]  Because Ewell is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

[22]  Wellpath LLC is a corporate entity that contracts with and provides medical care to correctional facilities in Pennsylvania and beyond.  *See* WELLPATH LLC, https://wellpathcare.com/about/ (last visited Dec. 6, 2022).

[23]  Doc. 1 at 1-3.

Ewell fails to plausibly state a medical deliberate indifference claim against any Defendant.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[25]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]

Ewell does not include any allegations that would establish personal involvement in the alleged constitutional violation by Betti.  In fact, after Betti is identified as a defendant, his name only appears in the "relief" section of the form complaint, where Ewell requests that the Court order Betti to have the prison's medical contractor provide adequate treatment and "quality healthcare to all inmates."[27]  Because the complaint does not include any allegations of personal involvement by Betti, he must be dismissed from this action.

---

[24]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[25]   *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[26]   *Id.* (quoting *Rode*, 845 F.2d at 1207).

[27]   Doc. 1 at 5.

### B.    "Person" Under Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[28]  Only "persons" are subject to suit under Section 1983, and entities such as medical departments or private medical contractors (like Wellpath) do not qualify as "persons" for purposes of Section 1983.[29]  Ewell's Section 1983 claim against Wellpath is therefore fatally flawed and must be dismissed. Dismissal will be with prejudice because Ewell cannot cure this fundamental pleading deficiency.

### C.    Alleged Constitutional Violation

As previously noted, Ewell is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision.  However, it does not appear that the United States Court of Appeals for the Third Circuit has established

---

[28]  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[29]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare, Inc. is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[30]  Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Ewell's Fourteenth Amendment medical indifference claim.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[31]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[32]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[33]

---

[30]  This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).
[31]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[32]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[33]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[34]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[35]  Claims sounding in mere medical negligence will not suffice.[36]

The only Defendant for which Ewell includes allegations involving his purportedly deficient medical care is physician's assistant Anthony Inauzzi.  Yet Ewell's allegations against Inauzzi do not come close to plausibly pleading "unnecessary and wanton infliction of pain."  His single contention is that on one day in July 2022, he was seen by Inauzzi and Inauzzi examined him and told him that he would order X-rays.[37]  Ewell has not alleged any type of intentional refusal to provide care, denial of prescribed treatment, or denial of requests for treatment.  Consequently, the Section 1983 claim of medical deliberate indifference against Inauzzi must also be dismissed.

---

[34]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[35]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

[36]  *Rouse*, 182 F.3d at 197.

[37]  Doc. 1 at 4.

**D.     Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[38]  Ewell fails to plead facts that would demonstrate deliberate indifference to serious medical needs by any Defendant. Nevertheless, because Ewell may be able to cure his pleading deficiencies as to some Defendants, the Court will permit him to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state personal involvement and a constitutional violation.  The Section 1983 claim against Wellpath, however, will be dismissed with prejudice.

**III.   CONCLUSION**

Based on the foregoing, the Court will dismiss Ewell's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  Ewell, if he is able, may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[38]   *Grayson*, 293 F.3d at 114.